GLD-016                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2118
_____

AARON MICHAEL JONES, a/k/a Michael John Aaron Jones

v.

OFFICER BRADLEY MERMON, Robinson Township Police; CHIEF DALE
VIETMEIER, Robinson Township Police; TROOPER ANDREW BRUGGMAN,
Pennsylvania State Police; ALLEGHENY GENERAL HOSPITAL, and doctors and
nurses in my medical record; ROBINSON TOWNSHIP EMS SERVICE; MR. GAGE,
F.C.C. Coleman Medium's Case Manager Unit B-2; MS. CATHY LANE, F.C.C.
Coleman Medium's Case Manager Coordinator; MR. TRACY DAVIS, F.C.C. Coleman
Medium's Counselor Unit B-2; CYNDI SANTIAGO, F.C.C. Coleman Medium's
Records Officer; MR. JAMES M. ECKER, Attorney

AARON MICHAEL JONES,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2-11-cv-00361)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2012

Before:  FUENTES, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 21, 2012)

_____

OPINION

_____

PER CURIAM

In 2010, Appellant Aaron Michael Jones was the subject of a high speed police chase that ended in a collision that killed Jones' girlfriend and the occupants of another vehicle. According to the state court docket, Jones pleaded guilty to involuntary manslaughter and other offenses related to the tragic event. In 2011, Jones filed a complaint and amended complaint against parties involved in the chase and its aftermath, including several police officers, his attorney, a hospital, and an emergency medical service.[1] The lawsuit, construed as a civil rights action under 42 U.S.C. § 1983, alleged false arrest, kidnapping under false pretenses, medical malpractice, violations of the Interstate Agreement on Detainers Act, and various constitutional violations. Among other things, Jones sought $75,000 in damages from each Defendant. The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and all but one of the Defendants moved to dismiss the complaint. The Magistrate Judge granted their motions, and Jones appealed from that order. Shortly thereafter, the remaining Defendant moved to dismiss the complaint. While that motion was pending, Jones moved to "withdraw his entire complaint." The Magistrate Judge granted the motion to withdraw as to the remaining Defendant, and the case was subsequently closed.

_____

[1] Although Jones originally named a number of prison employees as defendants, Jones

Our Clerk ordered Jones to inform this Court of whether he wished to withdraw his appeal or, if he wished to proceed, whether the appeal is moot given his desire to withdraw the complaint. Jones responded by asking this Court to hold the appeal in abeyance until a decision is rendered on his appeal of the dismissal of his state petition for post-conviction relief. Because this appeal has no merit, we will decline to hold it in abeyance; rather, we will summarily affirm the Magistrate Judge's order granting the Defendants' motions to dismiss.[2]

We may summarily affirm on any ground supported by the record if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; IOP 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We exercise plenary review over the decision to grant the motions to dismiss. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must view the factual allegations as true and dismiss only if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Jones alleged that the two Defendants from the Robinson Township Police Department, Officer Mermon and Chief Vietmeier, filed a false complaint against him and falsely arrested him when their "initial plan" to apprehend him resulted in the deadly

---

voluntarily withdrew his claims against them earlier in the litigation.

[2] We exercise jurisdiction under 28 U.S.C. § 1291. We note that Jones' notice of appeal was premature because it was filed while claims against one Defendant remained pending. The notice of appeal ripened when the District Court granted Jones' motion to withdraw the complaint as to that Defendant. See Cape May Greene, Inc., v. Warren, 698 F. 2d 184-85 (3d Cir. 1983).

collision. He further alleged that Officer Mermon violated his Fourth Amendment rights by using deadly force to stop him, and that Chief Vietmeier made a false public statement about him. Jones also made a general allegation that his First, Sixth, and Fourteenth Amendment rights had been violated, that he had been kidnapped under false pretenses, and that the Defendants had violated the Interstate Agreement on Detainers Act. The Magistrate Judge granted the Defendants' motion to dismiss the complaint, concluding that Jones had failed to allege any facts that would suggest that Defendants Mermon and Vietmeier had violated Jones' constitutional rights or any federal laws.[3] We agree.

Although Jones apparently based his claims on the chase and collision, the only relevant factual allegation made was that a deadly, high speed police pursuit and collision occurred. Jones did not allege how the high speed pursuit started, why he was being pursued, what happened during the chase, or how the collision occurred and who was involved. This complete lack of facts regarding the chase and collision renders Jones' pleadings insufficient to raise a claim under the Fourth Amendment that the Defendants engaged in the unreasonable use of deadly force, as suggested by Jones' reference to Tennessee v. Garner, 471 U.S. 1, 11 (1985). Jones similarly failed to allege any facts whatsoever about the false public statement he claimed Defendant Vietmeier made, or any other facts that would suggest that the Defendants otherwise violated federal law or Jones' constitutional rights.

In addition to being unsupported by any facts, the false criminal complaint and

---

[3] Defendants Mermon and Vietmeier ostensibly moved to dismiss under Rule 12(e), but

false arrest claims are not cognizable under 42 U.S.C. § 1983. If a prisoner seeks damages in a § 1983 suit, as Jones has done, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Jones' allegation that the criminal complaint against him and his arrest were false implicates the validity of his conviction, but he has not demonstrated that his conviction has been invalidated. On the contrary, Jones' response to the Clerk's order indicates that he is still seeking relief from his conviction. Accordingly, his false complaint and false arrest claims were properly dismissed.

Jones' claims against his attorney, Defendant Ecker, are similarly barred under Heck. Jones alleged that his attorney conspired with the prosecution to coerce him into a guilty plea. This allegation, if decided in Jones' favor, would call his conviction into question. Therefore, the Magistrate Judge appropriately dismissed the complaint as to Defendant Ecker.

That leaves Jones' allegations against the emergency medical service team that treated the victims at the crash site, Defendant EMS Service, and the hospital where Jones was later treated, Defendant Allegheny General Hospital. Jones alleged that he asked the emergency medical team numerous times to treat his girlfriend first. When told that they were concerned that he was armed, Jones handcuffed himself and told the team to let him die. The team, however, pulled Jones from the wreckage first and his girlfriend

the Magistrate Judge properly construed the motion as one made under Rule 12(b)(6).

subsequently died. That is the extent of Jones' allegations against Defendant EMS Service. The Magistrate Judge appropriately determined that these allegations are insufficient to indicate what federal or constitutional rights were implicated by the Defendant's conduct, let alone that the Defendant violated those rights. At best, it appears that Jones was alleging negligence in the medical treatment of his girlfriend. He does not, however, have standing to bring that claim due to the general prohibition against litigating another person's legal rights. See Freeman v. Corzine, 629 F.3d 146, 154 (3d Cir. 2010) (setting forth the requirements of prudential standing).

Finally, Jones alleged that he was given improper care for his broken wrist at Allegheny General Hospital, that his medical records did not list his injuries or the painkillers administered to him, and that his family was misled about visiting him. As with his allegations against Defendant EMS Service, these allegations do not indicate what federal laws or constitutional rights Defendant Allegheny General Hospital violated and are best construed as medical malpractice claims under state law. The Magistrate Judge declined to exercise supplemental jurisdiction over the state law claims because all of Jones' claims over which the District Court had original jurisdiction had been dismissed. See 28 U.S.C. § 1367(c)(3). There was no abuse of discretion in this decision. See Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 157-58 (3d Cir. 1998).

For these reasons, the Magistrate Judge properly granted the Defendants' motions to dismiss. There being no substantial question presented by this appeal, we will summarily affirm the Magistrate Judge's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.